**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 09 CR 958-1** |
| **v.** | ) | |
| | ) | **Hon. George W. Lindberg** |
| **MARYANNE KOLL,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Maryanne Koll's ("Koll" or "defendant") motion to dismiss the one

count information ("information"), pursuant to Federal Rules of Criminal Procedure ("Rules")

7(c)(1) and 12(b)(2).  For the reasons set forth more fully below, the motion to dismiss is denied.

In the information, the government charged Koll with one count of conspiring with

Individual A to solicit cash bribes in violation of 18 U.S.C. § 371 and 18 U.S.C. § 666(a)(1)(B).

Specifically, the government alleges that Koll, as an agent of the Illinois Department of Public

Health ("IDPH"), conspired to solicited cash bribes with a value in excess of $5,000 for the

purpose of allowing individuals to pass Sanitation Certificate examinations and thereby causing

the IDPH to issue Sanitation Manager certificates to these individuals.  The information

combines the value of a number of the bribes and alleges that Koll accepted a total of at least

$14,000 from Individual A and approximately 96 food service applicants referred to her by

Individual A.

Koll moves to dismiss the information pursuant to Rule 7(c)(1) because she claims that it

fails to allege facts, even if proven, that would constitute a violation of 18 U.S.C. § 666.

Specifically, Koll argues that "the information is far too vague in describing the acts with which

[she] was charged to pass either procedural or constitutional muster." Koll also argues that for purposes of Rule 12(b)(2), the information fails to adequately allege (1) that Koll was an agent of the State of Illinois when she allegedly solicited bribes from those seeking Sanitation Manager Certificates; (2) that the property at issue in this case had a value in excess of $5,000; and (3) that she entered into the alleged conspiracy "willfully" and "knowingly."

## I. *Legal Analysis*

At this stage in the proceedings, the court takes the facts in the information as true and "view[s] all facts in the light most favorable to the government." *United States v. Yashar,* 166 F.3d 873, 880 (7th Cir.1999). Pursuant to Rule 7(c)(1), an information "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED.R.CRIM.P. 7(c)(1). To withstand a motion to dismiss, "an [information] must allege that the defendant performed acts which, if proven, constituted a violation of the law that he or she is charged with violating." *United States v. Gimbel,* 830 F.2d 621, 624 (7th Cir.1987). An indictment is sufficiently charged if it (1) states all the elements of the charged offense; (2) informs the defendant of the nature of the charges; and (3) allows the defendant "to plead the judgment as the bar to any later prosecution for the same offense." *United States v. Serola*, 767 F.2d 364, 369 (7th Cir. 1985).

The elements of a conspiracy charge are (1) that the alleged conspiracy existed and (2) that the defendant knowingly and intentionally became a member of the conspiracy. *United States v. Akinrinade*, 61 F.3d 1279, 1288 (7th Cir. 1995). The elements of the underlying bribery charge are that (1) the defendant was an agent of the relevant state or local government or agency; (2) which received in excess of $10,000 under a federal program involving a federal

grant; (3) the defendant committed the statutory proscribed acts with respect to property that was owned by, or under the care, custody or control of the state or local government or agency; and (4) the property at issue had a value in excess of $5,000. *See* 18 U.S.C. § 666.

### A. Rule 7(c)(1)

First, Koll argues that the information violates the requirements of Rule 7(c)(1) because it is not plain, or definite, and does not contain the essential elements of the charged offense. The Court disagrees. The information clearly and concisely states a charge of conspiracy to commit bribery in violation of 18 U.S.C. § 371 and 18 U.S.C. § 666(a)(1)(B). Therefore, the motion to dismiss is denied as to Koll's claim that the information does meet the requirements of Rule 7(c)(1).

### B. Agent

Next, the Court turns to Koll's argument that she was not an agent of the IDPH or the State of Illinois for purposes of Section 666. As stated above and in this Court's ruling on a prior motion to dismiss, at this stage in the proceedings, the Court takes the facts in the information as true and construes all facts in the light most favorable to the government. The government alleges that Koll was an agent of the IDPH, which is an agency of the State of Illinois. As the case law Koll cited in her written submissions demonstrates, whether Koll was in fact an agent of the IDPH for purposes of Section 666 is a factual question that cannot be resolved on a motion to dismiss. *See United States v. Ferber*, 966 F. Supp. 90 (D. Mass. 1997); *United States v. Tianello*, 860 F. Supp. 1521, 1524 (M.D. Fla. 1994).

### C. Value Aggregation and Statute of Limitations

Koll also argues that the government's 30 month aggregation period exceeds what has

been held to be the maximum statute-defined aggregation period of 12 months. In the information, the government charges a conspiracy beginning in June 2004 and concluding in December 2006. When the government aggregated the bribes Koll allegedly received over that 30 months period, they exceeded $14,000. Koll also argues that the 30 month aggregation period violates the applicable 5 year statute of limitations. *See* 18 U.S.C. § 3282 (1994).

The statute of limitations begins to run on a conspiracy charge when the last act in furtherance of the conspiracy occurs. In the information, the government alleged that Koll received bribes in 2006 and 2007, which is well within the applicable statute of limitations period. *See United States v. Useni*, 516 F.3d 634, 655-56 (7th Cir. 2008). Accordingly, the motion to dismiss is denied as to the statute of limitations argument. Further, the information alleges that Koll received bribe payments in the calendar year 2006 totally approximately $13,350. That allegation is more than sufficient to satisfy the $5,000 value requirement in 18 U.S.C. § 666, and is within the 12 month aggregation period Koll argues applies in this case.

### D. Conspiracy Elements

Finally, Koll argues that the information fails to allege that she acted "knowingly" and "willfully," a required element of a conspiracy charge. *See* 18 U.S.C. § 371. "[T]he sufficiency of an indictment is to be reviewed practically, with a view to the indictment in its entirety, rather than in any 'hypertechnical manner'." *United States v. Fassnacht*, 332 F.3d 440, 445 (7th Cir. 2003). Generally, an indictment that tracks the statutory language is sufficient, and should survive a motion to dismiss. *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000). The government's failure to explicitly state the scienter requirement of "knowingly" and "willfully" is not grounds for dismissal of the information because the information tracks the statutory

language and cites the statute. The information adequately informs Koll of the nature of the charges against her, and of what the government intends to prove regarding the specific way in which she allegedly violated the law.

## II. Conclusion

For the reasons set forth more fully above, the motion to dismiss is denied. The information meets the requirements of Rule 7(c)(1). Further, the government has sufficiently alleged (1) the elements of a conspiracy charge; (2) that Koll was an agent of the IDPH, which is an agency of the State of Illinois; and (3) that she received bribes totaling at least $5,000 within the statute of limitations applicable to the conspiracy charge.

**ORDERED**: Motion of defendant Maryanne Koll to dismiss the information [12] is denied.


**E N T E R**:

George W. Lindberg
SENIOR U.S. DISTRICT JUDGE

**DATED**: March 16, 2010