

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 09 CR 958-1 |
| v. | Hon. Harry D. Leinenweber |
| MARYANNE KOLL, | |
| Defendant. | |

## MEMORANDUM OPINION AND JUDGMENT ORDER

### I. BACKGROUND

Illinois law provides that all food service establishments, such as restaurants, grocery stores, bakeries, convenience stores, and the like, have an individual holding a Food Service Sanitation Manager ("FSSM") Certificate issued by the Illinois Department of Public Health (the "Department") on the premises during hours of operation. To obtain a Certificate an individual must successfully complete a Department approved certificate course and exam.

From May 1995 until her arrest in June of 2009, Maryanne Koll ("Koll"), the Defendant, was authorized by the Department to teach the approved course and administer the exam to applicants for an FSSM certificate.

### II. DISCUSSION

The parties have agreed to a stipulated bench trial and filed a stipulated set of facts, including exhibits. Stipulated Fact No. 2 states:

2. From at least June 2004 through June 4, 2007, in Cook County, in the Northern District of Illinois, and elsewhere, KOLL procured IDPH FSSM Certificates from the State of Illinois for individuals who had not attended an IDPH-approved FSSM Certificate course and who had not passed an IDPH-approved FSSM Certificate exam by ensuring that these individuals would pass the course necessary to obtain an Illinois FSSM Certificate. In exchange for fraudulently arranging to provide State of Illinois and City of Chicago FSSM Certificates, these individuals paid cash bribes to KOLL.

Koll is charged in an information with conspiracy (18 U.S.C. $ 371) to violate 18 U.S.C. $666(a)(1)(B). This statute reads in relevant part:

§ 666:
(A) Whoever, if the circumstances described in subsection (b) of this section exists -
(1) being an agent of an organization, or of a State, local, or Indian Tribal government, or any agency thereof -

\* \* \*

(B) corruptly solicits, or demands for the benefit of any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5000 or more; shall be fined under this title, imprisoned not more than 10 years or both.

(b) The circumstances referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

\* \* \*

(D) As used in this section -
(1) the term "agent" means a person authorized to act on behalf of another person or government and, in the case of an organization or government, includes a servant or

employee, and a partner, director, officer, manager, and representative;
(2) the term "government agency" means a subdivision of the executive, legislative, judicial, or other agency of government, including a department . . . [.]

The elements of a §666(a)(1)(B) violation therefore include (1) the defendant was an agent of a state department; (2) the state agency received in excess of $10,000 of federal grant money under a federal program; (3) the defendant solicited or accepted something of value from any person, intending to be influenced or rewarded in connection with any transaction or series of transactions; (4) and the benefits rewarded had a value of $5,000 or more.

Koll has stipulated to each element of a § 666(a)(1)(B) violation accept the allegation of agency of the state department. From at least 1995 until at least 2007, the Department received in excess of $10,000 annually under federal programs. (No. 18) From at least June 2004 through June 4, 2007, Koll fraudulently obtained FSSM Certificates for at least 531 individuals. Through this scheme, Koll caused a gain to herself of at least $79,650. (Nos. 58,60). It is elemental economics that if the gain to Koll was $79,650, the recipients of the fraudulently issued FSSM Certificates valued them at least as much and the Court so finds.

As shown above, Subsection (d)(1) of Section 666 defines agent as "a person authorized to act on behalf of another person or government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative." 18 U.S.C. § 666(d)(1). This

definition has been given an "expansive" definition in the First Circuit case of *United States v. Sotomayor-Vazquez*, 249 F.3d 1, 8 (1st Cir. 2001), based on the Supreme Court holding, in *Salinas v. United States*, 522 U.S. 52, 55-61 (1997), that the act should be given an expansive interpretation based on the "expansive, unqualified language" of the statute. *Sotomayor-Vazquez* held that Section 666 extended coverage to "an individual who represents the agency in any way" in order to protect the integrity of federal funds given to the agency. Sotomayor-Vazquez was an outside consultant to a state agency and was held to be an agent within the definition in Section 666. The Seventh Circuit, following *Sotomayor-Vazquez*, held that the statutory definition of agency was broad enough to include independent contractors in *United States v. Lupton*, 620 F.3d 790 (7th Cir. 2010). Lupton was a real estate broker who was assigned to facilitate the sale and leaseback of a building owned by the State of Wisconsin. In the course of soliciting bids he accepted "kick-back payments" from the broker of a competing prospective buyer. The court found that Lupton was an agent within the definition contained in Section 666 despite the fact that his agreement with state specifically stated that he was an independent contractor and not an agent of the state. *See also, United States v. Jones*, 260 Fed.Appx. 873, n.3 (6th Cir. 2008) (The list contained in the definition of "agent" is not exhaustive and includes an independent contractor even though not listed in the definition.) The purpose of the expansive definition of agency is in recognition that an individual can affect

agency funds despite a lack of power to authorize their direct disbursement. See *United States v. Vitillo*, 490 F.3d 314, 323 (3rd Cir. 2007) (finding a consultant to a small regional airport was included in the definition of agent).

The parties have stipulated that Koll was an independent contractor for the State of Illinois who had been approved by the Department to perform instructional and testing duties. (No. 17). The State did not have any instructors on staff to administer courses because state employees were prohibited from being FSSM instructors. (No. 17). The duties of an instructor such as Koll are listed in a document entitled "Food Service Sanitation Manager Certification Instructor handbook." (Exs. 3 and 4). According to the handbook an instructor:

1. Must teach from a Department approved syllabus.
2. Must Advise the department of the number of candidates to take the exam at least 30 days prior to the exam date by submitting a "Course Data Notification Form."
3. Must contact the Department of any changes in the information provided in the Course Data Notification form.
4. Must Provide an adequate class room and examination site.
5. Must record class attendance.
6. Must Complete 20 hours of continuing education during the certification period.
7. Must submit to auditing of the instructor's performance.

Koll argues that under the common law she is not an agent of the Department. She cites as the test of agency relationship whether the alleged principal has the right to control the manner and method in which the agent's work is carried out and whether the alleged agent

can affect the legal relationship of the principal with third parties. *Chemtool, Inc. v. Lubrication Technologies, Inc.*, 148 F.3d 742, 745 (7th Cir. 1980) (applying Illinois law). Koll also cites the *Restatement (Second) of Agency* to the same effect. *Restatement (Second) of Agency* § 7. The Government responds by citing *Lupton* and the "expansive definition" of the term "agency" in the act.

It appears to the Court that the statutory definition in § 666(d)(1) was intended to eliminate the common law requirement that the independent contractor be able legally to bind the state and to cover those who act in behalf of the state. It is clear that the state has an interest in food service sanitation. It is also clear that the state has made the decision that the instruction and testing be carried out by independent contractors such as Koll rather than rely upon its own employees. It is also clear that the Department controls the manner in which the instructor is to teach the course by controlling the contents of the course syllabus. (No. 13). In fact, Koll's proposed syllabus, on at least one occasion, was rejected as not meeting the Department's guidelines (No. 6) and her instructor certificate was temporarily inactivated. (No. 37). The Department provides the test that is to be administered by the instructors. (No. 14). The Department also monitors the instruction to ensure that it complies with its standards as outlined in the FSS Code, as well as monitoring the exam giving function. It is clear that Koll was "a person authorized to act on behalf of a . . . government agency . . ." by virtue of the certificate issued her that authorized her to

conduct the instructional classes and administer the examination for the issuance of the FSSM certificates. A certificate after all is a "document certifying the bearer's status or *authorization* to act in a specified way." (emphasis added) *Black's Law Dictionary, Ninth Edition*, p. 255.

### III. CONCLUSION

Accordingly, the Court finds that at the time Koll took bribes as an FSSM Certified Instructor on behalf of the Department, she was an agent of the Department as the same is defined in Section 666.

The Court therefore finds that the Defendant Koll is guilty as charged in the information beyond a reasonable doubt.

Judgment of Guilty is entered on the information.

**IT IS SO ORDERED.**

DATE: September 6, 2011

Harry D. Leinenweber, Judge
United States District Court